UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS C. MALDONADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNIE YOUNGBLOOD, et. al,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01157 – JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1). |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in an action pursuant to 42 U.S.C. § 1983. On August 16, 2012, Plaintiff filed his Complaint. (Doc. 1). For the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend.

**I.      Screening Requirement**

The Court is required to screen any complaint filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" in order to identify any "cognizable claim." 28 U.S.C. § 1915A(a)-(b). The Court should dismiss the case if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the prisoner is "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A Court should dismiss a claim as frivolous only "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them" and not simply because the Court may believe the "plaintiff's allegations

1

unlikely." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). When determining whether a claim is malicious, the Court will analyze whether it was made in good faith. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

## II.     Pleading Requirements

The Federal Rules of Civil Procedure outline the general requirements of pleading a complaint. A complaint is required to have a "short and plain statement" that outlines the grounds for jurisdiction in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a). Pro se complaints are generally held to "less stringent standards" than complaints drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must afford fair notice to the defendant as well as state the elements of the claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint is supposed to give the defendant fair notice of the claims that are being brought against him/her as well as the grounds for bringing them. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Allegations that are conclusory and vague do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

Iqbal, 129 S.Ct. at 1949. A Court is required to assume as true in the light most favorable to the plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief. Id. However, this tenet is "inapplicable to legal conclusions." Id. If a complaint fails to state a

recognizable claim, the Court has the discretion to grant leave to amend the complaint in order to amend the deficiencies in the factual allegations. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   § 1983 Claims

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Section 1983 does not recognize respondeat superior liability. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate the plaintiff's constitutional. Id. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

///

///

### IV. Plaintiff's First Amended Complaint

Plaintiff alleges that on June 20, 2012, at about 7:00 a.m., while being transferred from the Lerdo Facility to Court, he was "left unattended in a transportation vehicle" for more than three hours. (Doc. 1 at 4). Plaintiff states that during that time he was in ankle, waist, and wrist restraints and was unable to access any toilet facilities. (Doc. 1 at 4). Plaintiff states that during the time he was left unattended, the temperature in the van was 90 degrees, there was no air conditioning, and no ventilation from the windows. (Doc. 1 at 4). Plaintiff alleges that Kern County Sheriff deputies Hernandez and John Doe were the deputies who left him unattended that day. (Doc. 1 at 5). Plaintiff further alleges that during the time in the van, he fell in and out of consciousness and was later treated for heat exhaustion and possible heat stroke at the Central Receiving Facility. (Doc. 1 at 5). Plaintiff states that he filed two grievances regarding the incident on June 20, 2012, but never received a response. (Doc. 1 at 6).

Plaintiff names Sheriff Donnie Youngblood as a Defendant and contends that Sheriff Youngblood is responsible for ensuring that inmate grievances are answered and ensuring that deputies are trained in the proper protocol for transporting inmates. Plaintiff states he has suffered damages in form of a loss of letters and addresses, commissary items, books, legal papers, possibly good time/work time credits, and a chance to receive a "fed cap kick" from Lerdo Minimum. (Doc. 1 at 9). Plaintiff also complains that he was transferred to the D-Pod at Lerdo Pre-Trial which he describes as a sort of max security lockdown. (Doc. 1 at 9).

### V. Discussion

#### A. Eighth Amendment claims - Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To plead a viable conditions of confinement claim, a plaintiff must allege facts satisfying both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a plaintiff must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452

U.S. 337, 346 (1981)). The Eighth Amendment's prohibition on cruel and unusual punishment "'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998) (quoting Rhodes v. Chapman, 452 U.S. at 347. Instead the facts must demonstrate "conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Minor deprivations suffered for short periods of time will not rise to the level of an Eighth Amendment violation but "substantial deprivations of shelter, food, drinking water, and sanitation" may meet the standard despite their even shorter duration. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000).

Plaintiff's allegations that he had no access to a restroom or water for 3-4 hours, taken independently, do not necessarily rise to the level of a constitutional deprivation. *See* Gunn v. Tilton, 2011 WL 1121949, *4 (E.D.Cal. Mar.23, 2011) (holding that outside detention for approximately 6 hours without water and 3–4 hours without restrooms was not sufficiently serious to support an Eighth Amendment claim); Kanvick v. Nevada, 2010 WL 2162324, *5–*6 (D.Nev. Apr.27, 2010) (noting that "a temporary deprivation of access to toilets, in the absence of physical harm ... does not rise to the level of an Eighth Amendment violation"); Hernandez v. Battaglia, 673 F.Supp.2d 673, 676–78 (N.D.Ill.2009) (finding that deprivations were not sufficiently serious where prisoners were detained in a prison yard while handcuffed without access to water, food, or toilets in 80 to 85 degree temperatures for up to five hours during a search of living quarters).

However, the seriousness of the deprivation of access to water may depend on the duration of the deprivation and the severity of the weather. Tilton, 2011 WL 1121949, *fn. 6. Here, Plaintiff complains he was locked in a transportation vehicle for 3-4 hours with no ventilation and no water, in Bakersfield, during the month of June, with temperatures allegedly reaching 90 degrees inside the vehicle. Such allegations sufficiently plead a substantial risk of serious harm.

In order to state a cognizable claim under the Eighth Amendment, Plaintiff must also show that defendants acted with a sufficiently culpable state of mind: that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. In other words, a prison official is liable for inhumane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

While Plaintiff has stated that Defendants Hernandez and John Doe left him unattended in the vehicle, Plaintiff has stated no facts to show that Defendants Hernandez and John Doe knew of and disregarded a risk to Plaintiff's health in doing so.  Indeed, leaving him in the van may have been as a result of negligence--even gross negligence—but this does not state a claim for a constitutional deprivation.  Because Plaintiff has failed to state facts to satisfy the subjective component of an Eighth Amendment claim, Plaintiff has not stated a cognizable claim against Defendants Hernandez and John Doe.[1]

## B. Supervisory Liability

Defendant Youngblood holds a supervisory position over the entire Kern County Sheriff's Department. Plaintiff seeks to hold Defendant Youngblood liable in his supervisory capacity on the theory of *respondeat superior.* However, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094, at *4–5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997). Since Plaintiff has stated no facts to show that

---

[1] Moreover, the Court cannot determine why Plaintiff believes that being left in the van caused the damages he claims he suffered, which he describes as a loss of letters and addresses, commissary items, books, legal papers, good time/work time credits, a chance to receive a "fed cap kick" and being transferred to D-Pod. (Doc. 1 at 9).

6

Defendant Youngblood personally participated in alleged incident, and solely seeks to impose liability upon him in his supervisory capacity, Plaintiff fails to state a claim.

### VI. Leave to Amend

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in a recommendation that his action be dismissed.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

### VII. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is (Doc. 1) is **DISMISSED with leave to amend**;

2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

///

///

4.      **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **January 28, 2013**                    /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE