**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTOS C. MALDONADO,        )<br>                                                      )<br>                 Plaintiff,            )<br>                                                      )<br>         v.                                       )<br>                                                      )<br>DONNIE YOUNGBLOOD, et. al,  )<br>                                                      )<br>                 Defendants.         )<br>_____) | Case No.: 1:12-cv-01157 - JLT<br><br>ORDER GRANTING 21-DAY EXTENSION TO FILE AMENDED COMPLAINT<br><br>(Doc. 13). |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in an action pursuant to 42 U.S.C. § 1983. On March 6, 2013, Plaintiff filed his Response to the Court's order to show cause, dated February 22, 2013. (Doc. 13). For the reasons stated below, the Court **GRANTS** Plaintiff a **FINAL** twenty-one day extension in which to file his First Amended Complaint.

**I.     BACKGROUND.**

Plaintiff filed his complaint against Defendants Youngblood and Hernandez on July 16, 2012. (Doc. 1). The Court dismissed the Complaint on January 28, 2013, ("January 28 Order") and gave Plaintiff leave to amend his complaint within twenty-one days from January 28, 2013. (Doc. 9). The Clerk of the Court served Plaintiff with the Order, dated January 28, 2013, via U.S. mail at Plaintiff's last known address provided to the Court.

1  On February 6, 2013, the Court received a notice of Defendant's change of address which was listed as the Kern County Jail. (Doc. 10).  Plaintiff failed to amend his Complaint within twenty-one days and thus the Court issued an Order to Show Cause on February 22, 2013. (Doc. 12).  In his Response to the Show Cause Order, dated February 22, 2013, Plaintiff claims that he did not receive the January 28 Order due to a change of address caused by his incarceration on December 30, 2012. (Doc. 13).  Plaintiff further claims that he is in the process of gathering "medical records and all other documents needed in this matter." Id.

## II.     DISCUSSION.

Under Fed.R.Civ.P. 83 and L.R. 182(f), Plaintiff is under a continuing duty to inform the Clerk of the Court of any change of address.  Without such notice, L.R. 182(f) deems service of court documents to the prior address to be effective service.  Here, the Court notes that Plaintiff was arrested on December 30, 2012.  Plaintiff did not inform the Court of his change of address until February 6, 2013, which was more than thirty days after his arrest.[1]  The Clerk's service of the January 28, 2013, Order is therefore deemed effective.

Furthermore, Fed.R.Civ.P. 8(a) requires a plaintiff to provide the Court with a short and plain statement of the facts to indicate that he or she is entitled to relief.  Documents such as medical records and other documents supporting a party's claim need not be attached to complaints and should not be filed with the court unless the evidence is needed to counter a motion or otherwise.  Likewise, such records need not be produced to defendants until the discovery phase of litigation. *See e.g.,* Fed.R.Civ.P. 26, 33 and 34.

Moreover, had Plaintiff believed that the medical records were needed before he could plead his complaint, he should have sought them before instigating this action.  Thus, Plaintiff must state his claim in compliance with Fed.R.Civ.P. 8(a) based upon his knowledge of the facts without awaiting his medical records or "other documents."

///

///

---

[1] This is especially perplexing in that Plaintiff has filed a notice of change of address in the past. (Doc. 8)  Plaintiff is reminded he is obligated to file a notice of change of address as soon as possible after any change. L.R. 182(f).

### III. CONCLUSION

The Court **HEREBY ORDERS** that:

1. Plaintiff is hereby **GRANTED** a **FINAL** twenty-one day extension of time from the date of service of this Order to file an amended complaint that addresses the deficiencies set forth in the January 28, 2013 Order;

2. The Clerk of the Court is directed to re-send the January 28, 2013 Order (Doc. 9) to Plaintiff along with the form complaint for use in a civil rights action; and

3. **Plaintiff is firmly cautioned that failure to comply with this order and file his first amended complaint in the time permitted will result in an order dismissing this action**.

IT IS SO ORDERED.

Dated:   **March 19, 2013**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE