UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS C. MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNIE YOUNGBLOOD, et. al,<br><br>    Defendants. | Case No.: 1:12-cv-01157 - JLT<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER DATED MARCH 19, 2013<br><br>(Doc. 14). |

Plaintiff Santos C. Maldonado ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in an action pursuant to 42 U.S.C. § 1983. On March 19, 2013, the Court granted Plaintiff a <u>final</u> 21 day extension of time to file his first amended complaint. (Doc. 14). More than 21 days have passed since the service of the March 19, 2013, order but Plaintiff has failed to file an amended an amended complaint or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. <u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute

an action or failure to obey a court order, or failure to comply with local rules. See, e.g. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

As a preliminary matter, the March 19, 2013, order was served by the Clerk of the Court to Plaintiff's last known address on March 19, 2013. Under Fed.R.Civ.P. 83 and L.R. 182(f), Plaintiff is under a continuous duty to inform the Clerk of the Court of any change of address. Without such notice, L.R. 182(f) deems service of court documents to the prior address to be effective service. The March 19, 2013, order was returned as undeliverable by the United States Postal Service on March 27, 2013. Plaintiff did not inform the Court of his change of address until April 8, 2013. Thus, the Clerk's service of the March 19, 2013, Order is deemed effective.

Nonetheless, the Clerk re-served the March 19, 2013, order to Plaintiff's new address on April 8, 2013. To date, Plaintiff has failed to file his amended complaint or otherwise respond to the Court's order. Accordingly, Plaintiff is **ORDERED** to show cause within **14 days** of the date of service of this order why the action should not be dismissed for his failure comply with the Court's order, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **April 19, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

2