1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SANTOS C. MALDONADO, | ) Case No.: 1:12-cv-01157 – JLT (PC) |
|---|---|
| Plaintiff, | ) ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE |
| v. | ) |
| DONNIE YOUNGBLOOD, et. al, | ) (Doc. 16). |
| Defendants. | ) |

Plaintiff Santos C. Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the Magistrate Judge on August 23, 2012. (Doc. 5). On March 19, 2013, the Court granted Plaintiff a <u>final</u> 21 day extension of time to file his first amended complaint. (Doc. 14). On April 19, 2013, the Court ordered Plaintiff to show cause as to why the matter should not be dismissed for his failure to comply with the March 19, 2013, order, because Plaintiff had not filed his first amended complaint. (Doc. 16). Plaintiff was granted 14 days to respond to the April 19, 2013, order, but again failed to comply with the Court's order. <u>Id</u>.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Henderson v. Duncan</u>, 779

1

F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since July 16, 2012. (Doc. 1). This case cannot be held abeyance indefinitely based on Plaintiff's failure to file his first amended complaint.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits. Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's continuous disregard for the Court's mandates. Therefore, the matter is **DISMISSED without prejudice** for failure to prosecute.

**ORDER**

For the foregoing reasons, it is hereby **ORDERED** that:

1. This matter is **DISMISSED without prejudice** for failure to prosecute; and
2. The Clerk of the Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:   **May 8, 2013**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE